OPINION OF THE COURT
Joseph J. Sedita, J.
This is a matrimonial action wherein the plaintiff hus- • band sued his wife for a divorce based on cruel and inhuman conduct. The wife counterclaimed asking that plaintiff’s cause of action be dismissed and that she be granted a judgment of separation. Both sides sought custody of two infant children of the marriage.
During the course of the trial, plaintiff withdrew his cause of action for divorce against defendant and his application for custody of the children. Defendant changed her separation cause of action to a divorce action. This was done by stipulation of the parties. Based on the testimony elicited during the trial, the court has determined that a judgment of divorce shall be granted to defendant against the plaintiff because of plaintiff’s abandonment, and defendant, who has solely and continually cared for the infant children, is awarded the custody of the two said children.
After having considered all the factors as required under the new Equitable Distribution Law (Domestic Relations *816 Law, § 236, part B), the court will grant $200 per week for maintenance and $100 per week support for both children.
This court is desirous of providing an incentive for defendant to pursue a course of conduct which will make her economically independent. To diminish defendant’s receipt of maintenance by her own employment earning would make her reluctant to enter the job market. For this reason, the court, in order to encourage the employment of defendant, herein provides that for every $2 she earns over $100 that $1 will be deducted from the amount due her for maintenance. So, for example, if defendant earns $150 per week, she would retain the $150, plaintiff would be obligated to pay her $175 (one half of 50, the amount over 100) and accordingly, her income for the week would be a total of $325.
Insofar as visitation of the children is concerned, because the plaintiff will be moving from Buffalo to New York City and because it has not been resolved as to whether defendant will remain in the Buffalo area or return to New York City, the court will merely state, at this time, that plaintiff shall have liberal visitation rights of the infants herein. When the location of defendant is determined, the court will participate with the attorneys to set forth a more structured visitation program.
With the exception of the determination of the value of plaintiff’s medical license as “property” of the marriage, the parties have themselves effected a property division before this lawsuit reached trial and the court will let stand said division.
As for the medical license issue, this court has made a determination that the medical license of the new doctor has no monetary value per se. The license is not a commodity that can be sold, nor has it value to any other person other than the holder thereof. It is an indicia of achievement and a legal authorization to practice medicine only in the State where it is granted. In and of itself it cannnot produce any income.
This court is aware that a Judge of the New Jersey court system in Lynn v Lynn (Superior Ct, Bergen County, Dec. 5, 1980) has ruled that a medical license is property subject to equitable distribution. This court disagrees.
*817 If a medical license in and of itself has intrinsic value, then it would follow that a license to practice law, to teach, to be a plumber, an engineer, a certified public accountant, and so on, on the theory of equal enforcement of the law, would all be subject to equitable distribution. What if in one of these examples the party never practices the profession or vocation or what if he or she works for another entity (for example, the attorney becoming an Assistant District Attorney?), would it be reasonable to impose an obligation to pay a sum of money based on the license, which in and of itself never generated income, in addition to maintenance based on earnings?
It must be borne in mind that if the education allows for greater earnings, the equity to the receiving spouse will be reflected in the maintenance and support payments that will be made on the basis of the payer’s income.
As stated previously, on the basis of the over-all costs of the medical education, defendant played no significant monetary role in the said medical education. And, too, we must bear in mind that the pursuit of a degree is in reality an individual effort for it is the person who obtains the degree that must solely study, learn and pass examinations to acquire it. In this matter, I find that no additional sums are warranted by way of maintenance payments other than those herein granted. True, the wife was supportive and maintained a family and home. This contribution to the marriage is reflected in the amount and duration of maintenance payments. For these reasons, this court holds that it is not an item for equitable distribution.
All matters having been considered pursuant to law and with a formal declaration that increases in income of plaintiff shall be subject to review for adjustments, upon application to the court, and that plaintiff is to provide medical and dental coverage for the children and defendant, and that plaintiff is to purchase insurance, term or otherwise, of at least $25,000 for each child, it is directed that an order be submitted in accordance with determinations made herein.